# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6576 | **DATE** | 11/18/2003 |
| **CASE TITLE** | US EEOC vs. PepsiAmericas, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendant's affirmative defenses 1, 2, 3, 4, 8 and 9 are stricken. As to all of the Ads identified here other than Ad 9, Pepsi is not granted leave to replead. If Pepsi wishes to flesh out AD 9 into some potentially permissible defense, leave is granted to do so by the filing of an amendment to the Answer in this Court's chambers on or before November 26, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/18/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
Plaintiff, )
 )
v. ) No. 03 C 6576
 )
PEPSIAMERICAS, INC., )
 )
Defendant. )

MEMORANDUM ORDER

Pepsi-Cola General Bottlers, Inc. ("Pepsi," incorrectly sued as PepsiAmericas, Inc.) has filed its Answer, including several affirmative defenses ("ADs"), to the employment discrimination action brought against it by EEOC (which has charged Pepsi with sexual harassment of its ex-employee Renaee' Henry ("Henry") and with retaliation against Henry for having complained about that treatment). This memorandum order is issued sua sponte to address some obvious flaws in the ADs.

In that respect Pepsi's counsel ought to reread Fed. R. Civ. P. ("Rule") 8(c) and the cases giving content to the AD concept--see also App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In particular:

1. ADs 1 and 2 are stricken as in conflict with the allegations in Complaint ¶¶8 and 10, which Pepsi has put into issue by denials.

2. AD 3, essentially the equivalent of a Rule 12(b)(6) motion, is stricken as plainly without merit.

3. AD 4 is stricken because it improperly conflates the nonactionability of dated conduct with its claimed lack of potential relevance, as well as ignoring the caselaw teaching where sexual harassment is at issue.

4. AD 8 is stricken as in conflict with the allegations in Complaint ¶¶8 and 9 (and see also the Complaint's section captioned "Nature of the Action"). Again Pepsi has denied those allegations, which suffices to put them in issue.

5. AD 9 is stricken because its boilerplate assertion gives no clue as to what is referred to there, and hence as to whether the assertion could or could not qualify as a potential defense.

As to all the ADs identified here other than AD 9, Pepsi is not granted to leave to replead. If Pepsi wishes to flesh out AD 9 into some potentially permissible defense, leave is granted to do so by the filing of an amendment to the Answer in this Court's chambers on or before November 26, 2003.

                                                      */s/ Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: November 18, 2003