IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff; <br><br> RENAEE N. HENRY, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> PEPSIAMERICAS, INC. and <br> PEPSI-COLA GENERAL BOTTLERS, INC., <br><br> Defendants. | No. 03 C 6576 <br><br> Hon. Judge Shadur <br><br> Magistrate Judge Nolan |

## CONSENT DECREE

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendants PepsiAmericas, Inc. and Pepsi-Cola General Bottlers, Inc. violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, by subjecting Charging Party Renaee Henry ("Henry" or "Plaintiff-Intervenor") to harassment because of her sex and retaliating against her. Henry intervened in this action and filed an additional claim for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. The EEOC and Henry recently dismissed Defendant PepsiAmericas, Inc. pursuant to Stipulation to Dismiss.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC, Henry and Pepsi-Cola General Bottlers, Inc. ("PCGB") have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by EEOC and Henry.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, PCGB, the Plaintiff-Intervenor and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-DISCRIMINATION

5. In all matters arising from or relating to employment, PCGB, its officers, agents, employees, successors, and assigns shall not discriminate on the basis of sex, and will not subject its employees to a sexually hostile work environment.

## NON-RETALIATION

6. PCGB, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under

Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

7. PCGB shall pay $400,000 to Plaintiff-Intervenor Renaee Henry, inclusive of attorneys' fees, costs and expenses.

8. Within ten (10) business days after the full execution of a release between Henry and PCGB, PCGB shall issue and mail by certified mail: 1) a cashier's check for $43,000, made payable to Renaee Henry, representing back-pay, from which PCGB will make applicable withholdings and for which PCGB shall issue a Form W-2; 2) a cashier's check for $132,000, made payable to Renaee Henry, representing compensatory damages, from which no withholdings will be made and for which PCGB shall issue a Form 1099; and 3) a cashier's check for $225,000, made payable to The Law Offices of Fern Trevino, for which PCGB will issue a Form 1099. All three checks shall be mailed by certified mail to The Law Offices of Fern Trevino, at 120 N LaSalle St., Suite 1050, Chicago, Illinois 60602. PCGB shall also mail a copy of all three checks to EEOC at the address set forth in Paragraph 21, below. The release to be executed by Henry was the result of negotiations between PCGB and Henry, who was represented by her own counsel, the Law Offices of Fern Trevino. EEOC did not take part in those negotiations and has not approved the release.

## POSTING OF NOTICE

9. Within ten (10) business days after entry of this Decree, PCGB shall post copies of the Notice attached as Exhibit A to this Decree at its facility located at 1400 W. 35th Street, Chicago, Illinois ("the 35th Street facility"), on the bulletin boards usually used by PCGB for communicating with its employees. The Notice shall remain posted for two (2) years from the date

of entry of this Decree. PCGB shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. PCGB shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. PCGB shall permit a representative of EEOC to enter PCGB's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

10. PCGB shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or customer who reports or complains of sexual harassment and/or retaliation. PCGB shall maintain such records whether or not any such report or complaint is made formally or informally. Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, PCGB took to resolve the complaint, and the resolution of the report or complaint. Further, PCGB shall maintain such records regardless of the outcome or disposition of any such report or complaint

11. PCGB shall make all documents or records referred to in Paragraph 10 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, PCGB shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

## REPORTING

12. PCGB shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

(a) A summary of the information recorded by PCGB pursuant to Paragraph 10;

(b) A certification by PCGB that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

13. During each of the two years covered by this Decree, all of PCGB's employees at the 35th Street facility, including all supervisory and managerial employees, shall participate in an annual training session by a trainer paid for by PCGB and approved by EEOC regarding sexual harassment and retaliation. All current human resources employees at or responsible for PCGB's 35th Street facility shall also participate in such training, and any new human resources employee shall receive such training prior to starting work. A registry of attendance shall be maintained. The first training session shall take place within six (6)-months of entry of this Decree.

14. PCGB shall obtain EEOC's approval of its proposed trainer prior to the training session. PCGB shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer; however, acceptance shall not be unreasonably withheld. In the event EEOC does not approve PCGB's designated trainer, PCGB shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer; however, acceptance shall not be unreasonably withheld. If the parties cannot agree on a trainer through this process, then they may seek the Court's assistance under ¶17.

15. PCGB shall certify to EEOC in writing within five (5) business days after the

training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

16. PCGB will also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

17. In the event that any party to this Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19. Other than that provided for in ¶¶7-8, above, each party to this Decree shall bear its

own expenses, attorneys' fees and costs.

20. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of PCGB.

21. When this Decree requires the submission by PCGB of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: PCGB Title VII Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois. 60661. When this Decree requires submission by EEOC of materials to PCGB, they shall be mailed to: W. Scott Nehs, Esq., Vice President - Legal, PepsiAmericas, Inc., 1475 East Woodfield Road, Suite 1300, Schaumburg, Illinois 60173, with a copy to: Jeffrey S. Torosian, Esq., Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-1529

*[signature]*

JOHN C. HENDRICKSON
Regional Attorney

*[signature]*

DIANE I. SMASON
Supervisory Trial Attorney

*[signature]*

JUNE WALLACE CALHOUN
Trial Attorney

DATE: January 18, 2006

For PCGB

*[signature]*

W. SCOTT NEHS
Vice President - Legal

Plaintiff-Intervenor Renaee Henry

*[signature]* Renaee M. Henry

*[signature]*

ENTER:
The Honorable Milton I. Shadur
United States District Judge

## EXHIBIT A

## NOTICE TO ALL PEPSI-COLA GENERAL BOTTLERS, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Pepsi-Cola General Bottlers, Inc., No. 03 C 6576 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Pepsi-Cola General Bottlers, Inc. ("PCGB").

In its suit, EEOC alleged that PCGB discriminated against a former employee by subjecting her to sexual harassment and retaliation while employed by PCGB. PCGB filed an Answer in which it denied the allegations.

To resolve the case, PCGB and EEOC have entered into a Consent Decree which provides, among other things, that:

1) PCGB will make a settlement payment to the former employee;

2) PCGB will not discriminate on the basis of an employee's sex and will not subject its employees to a sexually hostile work environment;

3) PCGB will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4) PCGB will train all its employees, including managers and human resource personnel, regarding sexual harassment, retaliation and its policy.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195. EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: PCGB Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_____
Date

_____
Judge Milton I. Shadur
United States District Court